# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

DETERRIUS LAMONT WILSON                                    PETITIONER
ADC #148279

V.                         NO. 5:15CV00017-JTR

WENDY KELLEY, Director                                     RESPONDENT
Arkansas Department of Correction

## MEMORANDUM AND ORDER

Pending before the Court is a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by Petitioner, Deterrius Lamont Wilson ("Wilson"), an inmate in the Arkansas Department of Correction. Before addressing Wilson's habeas claims, the Court will review the procedural history of the case in state court.

### I. Background

On November 26, 2007, Wilson entered a guilty plea to one count of possession of a controlled substance, in Crittenden County Circuit Court Case No. CR-2005-271. Judgment was imposed, and he was sentenced to five years of probation and assessed fines, costs and fees. *Doc. 7-2*. Wilson did not appeal.[1]

---

[1] *See* Ark. R. App. P.-Crim 1(a) (a criminal defendant has no right to an appeal from an unconditional guilty plea); *Camacho v. Hobbs*, 774 F.3d 931, 934 (8th Cir. 2015) (noting that, regarding certain sentencing errors, the Arkansas Supreme Court has recognized two limited exceptions to the general rule prohibiting appeals from guilty pleas), *pet. for cert. filed*, No. 14-1410 (U.S. May 29, 2015).

On October 21, 2009, the prosecuting attorney filed a Petition for Revocation of Probation. *Doc. 7-3*. On August 24, 2010, the trial court entered an Order of Nolle Prosequi which, according to Respondent, constituted a dismissal of the Petition for Revocation. *Id. at 2*.

On August 24, 2010, Wilson entered a negotiated guilty plea, in Crittenden County Circuit Court Case No. CR-2009-1377, to four felony offenses: (1) possession of a controlled substance with intent to deliver, for which he received an eight-year sentence, followed by a two-year suspended imposition of sentence ("SIS"); (2) possession of a firearm by a felon, for which he received a ten-year SIS; (3) simultaneous possession of drugs and firearms, for which he received a ten-year SIS; and (4) theft of property, for which he received a ten-year SIS. All sentences were to run concurrently. *Doc. 7-4, at 5-14*. Wilson did not appeal.

On December 1, 2011, the prosecutor filed a Petition for Revocation for Wilson's alleged violation of the terms of probation and suspension imposed in Case No. CR-2005-271 and Case No. CR-2009-1377. The Petition was amended on June 28, 2012, July 10, 2013, and February 18, 2014.[2] *Doc. 7-5, at 1, 5-6, 13-16*.

---

[2]The alleged violations included: (1) failure to pay fines, costs and fees as directed; (2) failure to report to probation; (3) failure to pay probation fees; (4) failure to notify probation and sheriff of address and employment; (5) being charged with multiple criminal offenses; (6) driving a motor vehicle on a suspended license; (7) driving with no liability insurance; (8) fleeing from police; (9) operating a motor vehicle with an improper license; (10) possession of marijuana; (11) failure to work regularly at suitable employment; (12) failure to appear in court;

On February 24, 2014, the trial court revoked Wilson's probation and suspensions in both cases and entered a Sentencing Order. In Case No. CR-2005-271, the trial court sentenced Wilson to ten years of imprisonment, in the Arkansas Department of Correction, for possession of a controlled substance. In Case No. CR-2009-1377, the trial court sentenced Wilson to: (1) two years of imprisonment for possession of a controlled substance with intent to deliver; (2) ten years SIS for possession of a firearm by a felon; (3), and ten years of imprisonment for theft of property. All sentences were to run concurrently. *Doc. 7-5*. Wilson did not appeal.[3]

On January 15, 2015, Wilson initiated this § 2254 habeas action.[4] He raises the following claims:

> (1)   The February 24, 2014 revocation of his probation in Case No. CR- 2005-271 was unlawful because
>
>> (a)   the probation had already been revoked once, in October 2009, thereby subjecting him to double jeopardy; and
>>
>> (b)   The five-year probationary period, imposed in 2007, was satisfied in 2012.

---

(13) departure from jurisdiction without permission; and (14) association with felons and others violating criminal laws.

[3]In both of his cases, Wilson later filed motions requesting credit for time served. *Doc. 7-6*. Neither appears to relate to Wilson's claims in this federal habeas action.

[4]Wilson's original Petition was signed by his mother and contained no legal or factual allegations. *Doc. 1*. On January 16, 2015, the Court ordered Wilson to correct the deficiencies. *Doc. 2*. On February 12, 2015, Wilson filed a properly signed § 2254 Petition, setting forth his claims. *Doc. 3*.

>   (2)   The February 24, 2014 aggregate sentence imposed in Case No. CR-2009-1377 is "illegal" because
>
>   (a)   the sentence is the fruit of the ten-year SIS he received in August 2010 for simultaneous possession of drugs and firearms, which is "invalid" because the offense required mandatory prison time;
>
>   (b)   he was "only revoked in part," in that the trial court's Sentencing Order did not mention the ten-year SIS for simultaneous possession of drugs and firearms.

*Doc. 3*. Respondent contends that Wilson's claims are untimely, procedurally defaulted, and without merit. *Doc. 7.*

For the reasons explained below, the Court concludes that Wilson's habeas claims must be dismissed as procedurally defaulted.[5]

## II. Discussion

Before seeking federal habeas review, a state prisoner must first "exhaus[t] the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1)(A), thereby affording the state courts "the first opportunity to address and correct alleged violations of [the] prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To meet the exhaustion requirement, a prisoner must present his claims through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

---

[5]Thus, the Court need not address Respondent's other arguments.

If a prisoner fails to fully exhaust his claims in state court and the time for doing so has expired, his claims are procedurally defaulted. *Coleman*, 501 U.S. at 731-32, 750. When a procedural default occurs, federal habeas review of the claim is barred unless the prisoner can demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider his claim will result in a "fundamental miscarriage of justice." *Id.* at 750.

Here, Wilson did not appeal the trial court's February 24, 2014 revocation decision or the sentences imposed in either of his state cases, and the time for doing so has expired.[6] He acknowledges that he did not appeal the February 24, 2014 decision or otherwise attempt to raise his current claims in state court, saying he was "ignorant of the misdeed." *Doc. 3, at 5-7.* Generally, *pro se* status and any unfamiliarity with the law or procedural matters do not constitute "cause" sufficient to overcome a habeas petitioner's procedural default.[7] *See Smittie v. Lockhart*, 843

---

[6]*See* Ark. R. Sup. Ct. 2 (notice of appeal must be filed within thirty days of entry of judgment); *see also, e.g., Ta v. State*, 459 S.W.3d 325 (Ark. Ct. App. 2015) (appeal of revocation of SIS); *Lee v. State*, 2010 Ark. 261, at 3 (appeal of probation revocation, raising double jeopardy argument).

[7]Cause requires a showing of some objective factor, external to the petitioner's defense and not fairly attributable to him, impeding him from constructing or raising his claims in state court or complying with the state's procedural rules. *Coleman*, 501 U.S. at 753. If no cause has been shown, the prejudice element need not be addressed. *McCleskey v. Zant*, 499 U.S. 467, 502 (1991). Wilson does not allege actual innocence as is necessary to invoke the "fundamental miscarriage of justice" exception to the cause-prejudice requirement. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) (where constitutional violation "has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a

F.2d 295, 298 (8th Cir. 1988).

Accordingly, all of Wilson's habeas claims are procedurally defaulted and must be dismissed.

### III. Conclusion

IT IS THEREFORE ORDERED that this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, *Doc. 3*, is DENIED and this case is DISMISSED, WITH PREJUDICE.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED THIS 21st DAY OF August, 2015.


UNITED STATES MAGISTRATE JUDGE

---

showing of cause for the procedural default").